UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**SHARONDAL WRIGHT, ET AL.**     \*     **CIVIL ACTION NO.  09-1498**

**VERSUS**     \*     **JUDGE ROBERT G. JAMES**

**SEARS ROEBUCK & CO., ET AL.**     \*     **MAG. JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

On July 10, 2009, Sharondal Wright and Lenore Williams filed the instant "Petition for Damages" in the 4th Judicial District Court, for the Parish of Ouachita, State of Louisiana, against defendants, Sears Roebuck and Co. ("Sears"), and two Sears department store managers, Anthony Gewin and Mark Blann.  (Petition).  Plaintiff, Sharondal Wright, was employed as the Assistant Office Manager at the Monroe Sears store from 2006 until April 2009.  (*See* Petition, ¶ 8).  Plaintiff, Lanore Williams, has been employed by Sears since 2004, and is serving as "Lead, Human Resources/Office."  *Id*.; M/Sever, Exh. E [doc. # 8-6].  Plaintiffs, who are African-American, contend that Sears, via its store managers, Gewin and Blann, subjected them to racially discriminatory practices and a racially hostile work environment in violation of the Louisiana Employment Discrimination Law, Louisiana Revised Statutes 23:301, *et seq*.  See Petition, ¶¶ 7, 16-19, 21-22.  Plaintiffs seek to recover damages for their resulting physical ailments and emotional distress, together with costs and attorney's fees.  (Petition, ¶ 19, Prayer).  Plaintiffs also seek a judgment enjoining defendants from engaging in unlawful discrimination or retaliation, and compelling them to eliminate disparate treatment.  (Petition, Prayer).

On August 26, 2009, Sears removed the case to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Plaintiffs are Louisiana domiciliaries. (Petition, ¶ 1). Sears is a New York corporation, with its principal place of business in Illinois. (Notice of Removal, ¶ 7). The record, however, does not reveal the citizenship of the store manager defendants, Gewin and Blann. Instead, Sears contends that their presence should be disregarded for purposes of diversity because plaintiffs have no reasonable possibility of recovery against them, and therefore, they were improperly joined in an effort to defeat removal. (*See* Notice of Removal, ¶¶ 10-11).

On November 9, 2009, the undersigned reviewed this case for subject matter jurisdiction and questioned whether the amount in controversy exceeded the requisite jurisdictional minimum at the time of removal. *See* Nov. 9, 2009, Order [doc. # 10]. The court directed Sears to file a memorandum setting forth specific facts sufficient to establish that the amount in controversy exceeded $75,000, as to each plaintiff. *Id.*[1] The undersigned further noted the continued presence of the apparently non-diverse store manager defendants, despite Sears' argument that plaintiffs had no possibility of recovery against them. (Nov. 9, 2009, Order). The November 9 Order notified the parties that the court was considering the entry of summary judgment *sua sponte* in favor of the non-diverse defendants – provided that plaintiffs had no reasonable possibility of recovery against said defendants. *Id.*[2] The order further explained that if removing defendant failed to establish that plaintiffs had no reasonable possibility of recovery against both

---

[1] The order afforded plaintiffs an opportunity to respond to defendant's arguments. *Id.*

[2] *See*, *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990)("[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery").

non-diverse defendants, then the case would be remanded to state court. *Id*. The parties were invited to submit any briefs and/or competent summary judgment evidence relevant to this issue. *Id*. The delays have since lapsed, and only removing defendant has filed a brief. The matter is now before the court.

## Discussion

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)). In this case, removing defendant asserts that federal jurisdiction exists on the basis of diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

**I.   Amount in Controversy**

The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type

3

evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to the plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000." *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D. La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12).

In the *case sub judice*, the undersigned has already remarked that it is not facially apparent from plaintiffs' petition that their respective claims exceed the jurisdictional threshold. *See* Nov. 9, 2009, Order. Therefore, removing defendant is required to establish the amount in controversy via other means, e.g., summary judgment type evidence. *See Felton, supra*. In this regard, the courts may consider post-removal evidence, provided the evidence clarifies the jurisdictional facts as they existed at the time of removal; post-removal *events*, however, cannot be considered. *Mix v. State Farm Fire and Cas. Ins. Co.*, 2007 WL 1115243 (E.D. La. Apr. 12, 2007) (*citing inter alia, St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 & n. 18 (5th Cir.1998)).

In response to the court's order, Sears adduced a November 23, 2009, letter from plaintiffs' counsel to defense counsel, wherein counsel offered to settle plaintiffs' case for $150,000 in general damages, for each plaintiff. (Def. Response, Exh. A [doc. # 12]). Although this settlement offer was generated post-removal, there is no indication that plaintiffs' damages have increased since removal. Moreover, the amount in controversy was otherwise ambiguous at the time of removal. *Gebbia, supra* (post-removal evidence may be considered if jurisdiction is

otherwise ambiguous at time of removal). Accordingly, the undersigned finds that the post-removal settlement offer clarifies the jurisdictional facts as of the time of removal, and suffices to establish that the amount in controversy exceeded, and continues to exceed $75,000 as to each plaintiff. *See Mix, supra*; *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000) (post-complaint settlement letter may establish diversity jurisdiction).

**II.      Complete Diversity**

      a)      <u>Improper Joinder</u>

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). To circumvent the apparent lack of diversity between plaintiffs and defendants, Anthony Gewin and Mark Blann, removing defendant invokes the improper joinder doctrine, which affords a "'narrow exception" to the rule of complete diversity. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). "[T]he burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Id*. To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether the removing defendant has demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against him. *Smallwood v. Illinois*

*Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis);[3] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*.[4]

In this case, it is unnecessary to pierce the pleadings. A 12(b)(6)-type analysis reveals that the state court petition provides no reasonable basis to predict that plaintiffs can recover against Gewin or Blann.

      b)      <u>Individual Liability for Employment Discrimination under Louisiana Law</u>

Plaintiffs allege that store managers, Gewin and Blann, were personally involved in the racial discrimination and hostile work environment that plaintiffs encountered at the Monroe Sears store. *See* Petition. Plaintiffs seeks recovery against defendants solely pursuant to Louisiana's Employment Discrimination Law, Louisiana Revised Statutes 23:301, *et seq*. *See* Petition, Prayer.

Under Louisiana law, it is unlawful for an *employer* to discriminate against an employee on the basis of race. *See*, La. R.S. 23:332. Louisiana defines an "employer" as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or

---

[3] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[4] However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*.

political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. . . ." La. R.S. 23:302(2) (in pertinent part).  Individual defendants who do not meet the above definition are not subject to liability in their individual or official capacities under Louisiana's Employment Discrimination Law.  *See, Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 185, 1998-1805  (La. 1999) (individual defendants dismissed where they established that they were not employers).

In this case, plaintiffs' petition contains no allegations or basis for finding that defendants, Blann or Gewin, may be an "employer" under Louisiana's Employment Discrimination Law.  Indeed, plaintiffs do not even so argue.  Accordingly, plaintiffs have no reasonable possibility of recovery against Gewin or Blann, and their presence must be disregarded for purposes of diversity.  Under these circumstances, it is appropriate to enter summary judgment in favor of said defendants, dismissing with prejudice plaintiffs' claims against them.  *Carriere, supra*.

For the foregoing reasons,

The undersigned finds that the court enjoys subject matter jurisdiction to entertain this matter.  28 U.S.C. § 1332.  Furthermore,

**IT IS RECOMMENDED** that judgment be entered in favor of defendants, Anthony Gewin and Mark Blann, dismissing with prejudice plaintiffs' claims against said defendants only.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections

7

within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of December 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE