# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| SHARONDAL WRIGHT, ET AL. | * | CIVIL ACTION NO.  09-1498 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SEARS ROEBUCK & CO., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the court is a motion to sever [doc. # 8]  filed by defendant, Sears, Roebuck, and

Co. ("Sears").  The motion is unopposed.[1]  Nonetheless, for reasons set forth below, the motion

is DENIED.[2]

## Background

On July 10, 2009, Sharondal Wright and Lenore Williams filed the instant "Petition for

Damages" against Sears in the 4th Judicial District Court, for the Parish of Ouachita, State of

Louisiana.  (Petition).[3]  Sharondal Wright was employed as the Assistant Office Manager at the

Monroe Sears store from 2006 until April 2009.  (*See* Petition, ¶ 8).  Lanore Williams has been

---

[1]  Pursuant to the Notice of Motion Setting, plaintiffs had until November 3, 2009, to respond to the motion.  (Notice of Motion Setting [doc. # 9]).  By failing to file a response, plaintiffs are deemed not to oppose the motion.  *Id*.

[2]  As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1W.

[3]  Plaintiffs also sued two Sears department store managers, Anthony Gewin and Mark Blann.  However, these individual defendants have since been dismissed for improper joinder. (Jan. 12, 2010, Judgment [doc. 14]).

employed by Sears since 2004, and is serving as "Lead, Human Resources/Office."  *Id.*; M/Sever, Exh. E [doc. # 8-6].  Plaintiffs, who are African-American, contend that Sears, via its store managers, Gewin and Blann, subjected them to racially discriminatory practices and a racially hostile work environment in violation of the Louisiana Employment Discrimination Law, Louisiana Revised Statutes 23:301, *et seq*.  *See* Petition, ¶¶ 7, 16-19, 21-22.  Plaintiffs seek to recover damages for their resulting physical ailments and emotional distress, together with costs and attorney's fees.  (Petition, ¶ 19, Prayer).  Plaintiffs also seek a judgment enjoining defendants from engaging in unlawful discrimination or retaliation, and compelling them to eliminate disparate treatment.  (Petition, Prayer).

On August 26, 2009, Sears removed the case to federal court on  the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  On October 16, 2009, Sears filed the instant motion to sever the claims of the two plaintiffs pursuant to Federal Rules of Civil Procedure 20(a) and 21.  Following a delay to assure subject matter jurisdiction, *see* doc. #s 10, 13-14, the matter is now before the court.

## Law

Rule 20(a) states that

Persons may join in one action as **plaintiffs** if:

> (A)    they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**

> (B)    any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a)(1) (emphasis added).

2

Both of the foregoing requirements must be satisfied in order for plaintiffs to exercise their option to join their causes of action in one suit. *Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849 (E.D. La. Aug. 1, 2000) (Vance, J.) (citations omitted); *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (permissive joinder is at plaintiffs' option) (citation omitted). The district court may sever any improperly joined parties or claims. *See* Fed.R.Civ.P. 21; *Applewhite, supra*; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (district court enjoys broad discretion to sever issues to be tried). The court may also sever an action under Rules 20 and 21 to avoid delay or prejudice. *Applewhite, supra* (citations omitted).[4] Nonetheless, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966) (citing *inter alia*, Rules 20 & 42).

A district court's Rule 20(a) analysis is not governed by any "hard-and-fast" considerations. *Porter, supra* (citations omitted). For purposes of discerning what constitutes a "transaction" or "occurrence" under Rule 20(a)(1)(A), the courts often look to the definitions of the same terms used for compulsory counterclaims under Rule 13(a). *Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973) (citing Rule 13 to affirm district court's Rule 20(a) joinder); *Porter, supra* (citing *inter alia*, *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th

---

[4] Although the district court also has discretion to separately try issues pursuant to Rule 42(b) "in furtherance of convenience or economy, or to prevent prejudice," *Applewhite, supra*, Rules 21 and 42(b) remain distinct and should be treated as such. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citation omitted). "Severance under Rule 21 creates two separate actions or suits where previously there was but one." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

Cir.2000) and *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974)).  In the

Rule 13 context, the Supreme Court has noted that "transaction" is a word of flexible meaning

which may include a series of occurrences if they are logically connected.  *Baker v. Gold Seal*

*Liquors, Inc.*, 417 U.S. 467, 469, 94 S.Ct. 2504,2506, n1 (1974).  To determine whether two

claims arise out of the same transaction or occurrence, the Fifth Circuit also considers *inter alia*,

whether they involve substantially the same evidence.  *See e.g. Tank Insulation Inter., Inc. v.*

*Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997) (discussing four ways that a counterclaim

may be compulsory).

Rule 20(a)'s second prong is satisfied so long as the parties share "some" common

question of law *or* fact.  *See Porter, supra* (citations omitted); Fed.R.Civ.P. 20(a)(1)(B).

### Discussion

Applying the foregoing considerations here, it is manifest that Wright and Williams

satisfy the enumerated requirements for permissive joinder under Rule 20(a).  Both plaintiffs

allege that the store manager for Sears' Monroe store, Anthony Gewin, used "race and reprisal"

to create a hostile work environment.  (Petition, ¶ 21).  Plaintiffs further allege that Gewin

accused them both of stealing money from Sears, and that he told other white employees that

"you have to watch 'them' and blacks because they steal."  *Id.*, ¶ 18.  Although plaintiffs allege

that Gewin further manifested his discrimination against each of them in distinct ways, *see*

petition, ¶¶ 13-17, it nevertheless remains clear that the racial animus stems from a common

source.  Indeed, Wright and Williams' respective claims will rely upon evidence of Gewin's

racial animosity.  Moreover, because plaintiffs were both targets of the same supervisor's alleged

racial bias during a relatively compact period of time (beginning in February 2008), there is a

logical connection between their claims.  Under analogous circumstances, other courts have permitted victims of employment discrimination to join their claims in a single suit.  *See Porter, supra* (and cases cited therein); *Amie v. City of Jennings, La.*, 2005 WL 3007009 (W.D. La. Nov. 8, 2005) (Minaldi, J.); *see also Nor-Tex Agencies, Inc.*, 482 F.2d at 1100 (plaintiffs permitted to join where their claims depended upon the alleged falsity of defendant's statements).[5]

Sears further agues that Wright and Williams' claims will confuse the jury because *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998), may compel a divergent approach to their claims.  According to the petition, however, plaintiffs complained to Gewin's supervisor about his discriminatory treatment and harassment.  (Petition, ¶ 11).  Moreover, even if *Faragher* is applied differently to each plaintiff's claims, there is no reason to believe that the jury is incapable of appreciating any relevant distinction as set forth by carefully crafted jury instructions and the verdict form.  Likewise, the same jury charges and verdict form can guide the jury's need to appreciate any differences between the plaintiffs' damages claims.

Finally, Sears contends it will suffer prejudice if plaintiffs' claims are not severed.  Sears again argues that the combined claims would confuse the jury, and that the jury might find Sears liable based upon the sheer number of witnesses testifying against it.  However, both Wright and Williams' claims will focus upon the alleged racial animus exhibited by their common store manager, Anthony Gewin.  Much of this evidence will be relevant to both claims.  If the court were to sever the claims, then the same witnesses would have to repeat their testimony in each

---

[5] In *Goodyear v. Dauterive Hospital of New Iberia, Louisiana*, an employment discrimination case, defense counsel successfully advanced virtually the same arguments that they make here.  *Goodyear v. Dauterive Hosp. of New Iberia, Louisiana*, 2007 WL 2066855 (W.D. La. Jul. 13, 2007) (Melancon, J.).  *Goodyear* is distinguishable, however, because, at a minimum, the instant plaintiffs allege harassment  by the *same* harasser.  *See Goodyear*.

proceeding.  This duplication of effort would unnecessarily escalate litigation costs for all

parties, inconvenience witnesses and jurors, and unduly strain limited judicial resources.  In sum,

any alleged prejudice to Sears is currently unsubstantiated, and in any event, outweighed by

considerations of judicial economy and efficiency.  *See Aloniz v. Zamora-Quezada*, ___ F.3d ___,

2009 WL 4895247, *6 (5th Cir. Dec. 21, 2009) (in the Rule 42(b) context, any potential for jury

confusion due to single trial of four plaintiffs' employment discrimination claims was

outweighed by considerations of judicial economy and the similarities of the claims which

occurred over a relatively short period of time).[6]

 For the foregoing reasons,

 The motion to sever pursuant to Fed.R.Civ.P. 20(a) and 21 [doc. # 8] filed by Sears is

hereby DENIED.

 IT IS SO ORDERED.

 THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of January 2010.


_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

 [6] Of course, should circumstances materially change, Sears may always re-urge its motion.