# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| SHARONDAL WRIGHT, ET AL. | * | CIVIL ACTION NO.  09-1498 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SEARS ROEBUCK & CO., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss [doc. # 30] filed by defendant, Sears, Roebuck, and Co. ("Sears").  For reasons explained below, it is recommended that the motion to dismiss be conditionally **GRANTED in part and otherwise DENIED.**

## Background and Procedural History

On July 10, 2009, Sharondal Wright and Lenore Williams (sometimes referred to in the petition as "Lanore" Williams) filed the instant "Petition for Damages" against Sears in the 4th Judicial District Court, for the Parish of Ouachita, State of Louisiana.  (Petition).[1]  Sharondal Wright was employed as the Assistant Office Manager at the Monroe Sears store from 2006 until April 2009.  *See* Petition, ¶ 8.  Lenore Williams has been employed by Sears since 2004, and serves as "Lead, Human Resources/Office."  *Id*.; M/Sever, Exh. E [doc. # 8-6].  Plaintiffs, who are African-American, contend that Sears, via its store managers, Anthony Gewin and Mark

---

[1]  Plaintiffs also sued two Sears department store managers, Anthony Gewin and Mark Blann.  However, the court dismissed these individual defendants for improper joinder.  (Jan. 12, 2010, Judgment [doc. 14]).

Blann, subjected them to racially discriminatory practices and a racially hostile work environment in violation of the Louisiana Employment Discrimination Law, Louisiana Revised Statutes 23:301, *et seq*. *See* Petition, ¶¶ 7, 16-19, 21-22.  Consequently, plaintiffs seek to recover damages for their physical ailments and emotional distress, plus costs and attorney's fees. (Petition, ¶ 19, Prayer).  Plaintiffs also seek a judgment enjoining defendants from engaging in unlawful discrimination or retaliation, and compelling them to eliminate disparate treatment. (Petition, Prayer).

On August 26, 2009, Sears removed the case to federal court on  the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  On August 17, 2010, Sears filed the instant motion to dismiss plaintiffs' claims on the basis of judicial estoppel because plaintiffs failed to disclose this lawsuit in concurrent bankruptcy proceedings.  The briefing period is now closed. The matter is before the court.

## Law and Analysis

### I.     Motion to Dismiss vs. Motion for Summary Judgment

Sears does not handcuff its motion to dismiss to any specific rule; rather, it leaves this procedural detail to the court's speculation.  Typically, motions to dismiss are filed pursuant to one or more of Rule 12's sub-parts.  Sears' motion seeks dismissal of plaintiffs' claims with prejudice; thus, the likeliest vehicles for relief are a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or a motion for judgment on the pleadings, Fed.R.Civ.P. 12(c).  Either way, the inquiry is the same.  *PHI, Inc. v. Office & Professional Employees Int.'l Union*, 2010 WL 3034712 (W. D. La. July 30, 2010) (citations omitted).

2

However, if evidence outside of the pleadings is presented to the court and used in deciding a 12(b)(6) or 12(c) motion, the motion must be converted to a motion for summary judgment.  Fed.R.Civ.P. 12(d); *Knighton v. Merscorp Inc.*, 304 Fed. Appx. 285, 287 (5th Cir. 2008) (unpubl.) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir.1993)).  In the event of conversion, Rule 12(d) requires that all parties be afforded a reasonable opportunity to present all material pertinent to a motion for summary judgment.  *Id.* Specifically, the notice and hearing requirements of Rules 12(b) and 56(c) of the Federal Rules of Civil Procedure must be adhered to.  *Mackey v. Owens*, 1999 WL 423077 (5th Cir. June 2, 1999) (unpubl.).

The court, however, need not give a party "express notice" that a motion to dismiss will be treated as a motion for summary judgment:

> given [Rule 12(d)]'s express declaration that a motion to dismiss shall be treated as a motion for summary judgment where matters outside the pleadings are presented to and not excluded by the court, the simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment.

*Mackey, supra* (internal citation omitted).

In any event, the court always possesses the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322, 1995 WL 534901, at *2 (5th Cir. 1995) (unpubl.).  Moreover, a report and recommendation, itself, provides sufficient notice to the parties.  *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

In support of its motion, Sears attached records from plaintiffs' bankruptcy proceedings.

3

If it ended there, the court could take judicial notice of the bankruptcy records,[2] and thereby

maintain the motion within the framework of Rule 12(b)(6) or (c).[3]  In its reply memorandum,

however, Sears relies upon other record evidence.  To the extent that it is necessary to consider

this evidence, the court must analyze the motion to dismiss pursuant to Rule 56.  Moreover,

plaintiffs received ample notice that the motion could be converted to a motion for summary

judgment.  In fact, they submitted court records and deposition testimony of their own.  *See* Opp.

Memo., Exhs.

## II.      Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows "that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(b).  A fact is "material" if proof of its existence or

nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if

the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.

*Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the pleadings,

---

[2]  *Cargo v. Kansas City Southern Ry. Co.*, 408 B.R. 631, 640 (W.D. La. 2009) (citations omitted).

[3]  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (when ruling on Rule 12(b)(6) motions to dismiss, courts may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "No genuine issue of material fact exists if the summary-judgment evidence is such that no reasonable juror could find in favor of the nonmovant." *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007) (citation omitted).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

When a movant bears the burden of proof on an issue, he must establish "beyond

peradventure[4] all of the essential elements of the claim . . . to warrant judgment in his favor."

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  In other words, the movant must

affirmatively establish his right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*,

1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

### III.    Bankruptcy Assets and the Duty to Disclose

The filing of a bankruptcy petition creates a bankruptcy estate, which comprises, *inter*

*alia*, "all legal or equitable interests of the debtor in property as of the commencement of the

case."  11 U.S.C. § 541(a).  "Section 541(a)(1)'s reference to 'all legal or equitable interests of

the debtor in property' includes causes of action belonging to the debtor at the time the case is

commenced."  *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 245 (5th Cir.1988)

(citations omitted).  Indeed,

> [t]he debtor need not know all the facts or even the legal basis for the cause of
> action; rather, if the debtor has enough information . . . prior to confirmation to
> suggest that it may have a possible cause of action, then that is a "known" cause
> of action such that it must be disclosed.  Any claim with potential must be
> disclosed, even if it is 'contingent, dependent, or conditional.

*Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 208 (5th Cir. 1999) (internal
quotation marks, parentheses, and citations omitted).

Debtors remain "under a continuing duty to disclose all pending and potential claims."  *Kane v.*

*National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (citations omitted).  A debtor's

ongoing duty to amend her schedule of assets continues to apply to assets acquired after the

bankruptcy court has confirmed a bankruptcy plan.  *Henry v. Kansas City Southern Ry. Co.*, 2010

WL 3613795 (W.D. La. Sept. 8, 2010) (citations omitted).

---

[4]  I.e., beyond doubt.

6

IV.    **Judicial Estoppel**

Judicial estoppel is

a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.  The purpose of the doctrine is to protect the integrity of the judicial process, by prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.  Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary.

*Browning, supra*.

Judicial estoppel requires proof of the following, "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently."  *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citation omitted).  Moreover, "[j]udicial estoppel is particularly appropriate where . . .  a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."  *Id*.

Judicial estoppel is an affirmative defense;[5] thus, the party invoking the doctrine enjoys the burden of proof.  Moreover, federal courts sitting in diversity apply federal law regarding judicial estoppel because it concerns a matter of federal procedure that affects the court.  *Hall v. GE Plastic Pacific PTE, Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (citations omitted).[6]

_____

[5]  *U.S. for Use of American Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 258 (5th Cir. 1991) (citations omitted).

[6]  Accordingly, plaintiffs' invocation of Louisiana law on the subject is without effect.

IV.      **Sharondal Wright**

1)        **Wright is not a Proper Party Plaintiff**

Neither side contests that on February 27, 2009, Wright filed a petition for bankruptcy under Chapter 7 (Petition, Pl. Opp. Memo., Exh. A [doc. # 39-2]).  She attached to her petition a Schedule B - Personal Property wherein she marked "none" in response to the requirement to identify  "[o]ther contingent and unliquidated claims of every nature . . ."  *Id*.  Nevertheless, less than five months later, in July 2009, she filed the instant suit seeking recovery for damages that she sustained as a result of discriminatory acts that occurred in **2008**.  *See* Petition.  On September 2, 2009, the bankruptcy court issued an order discharging Wright's debts.  *Id*.  [doc. # 20].[7]  After Sears filed the instant motion to dismiss, Wright filed a motion to reopen her bankruptcy case on September 22, 2010, and also amended her schedule of assets to include this cause of action.  (Pl. Opp. Memo., Exh. A [doc. # 39-2, 39-3]).  The bankruptcy court reopened her case the next day. *In Re Sharondal Wright*, Bankruptcy Petition No. 09-30407 (Bankr. W.D. La.  Sept. 23, 2010)

In opposition, to Sears' motion, Wright contends that judicial estoppel is not warranted. She further argues that if the court does not resolve this issue in her favor, then the trustee should be permitted to pursue the claim in her stead because the instant cause of action remains part of the bankruptcy estate.  However, as this latter argument addresses the preliminary matter of standing, the court is compelled to address it first.  *See e.g., Cargo v. Kansas City Southern Ry. Co.*, 408 B.R. 631 (W.D. La. 2009).

---

[7]  On September 3, 2009, the bankruptcy court issued a Final Decree, closing the case.  *Id*. [doc. # 21].

The proper party to assert Wright's discrimination claims is governed by Rule 17(a) of the Federal Rules of Civil Procedure:  "[a]n action must be prosecuted in the name of the real party in interest."  Fed.R.Civ.P. 17(a); *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 305-309 (5th Cir. 2001).  "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg, supra*. (citation omitted).

Once a bankruptcy petition has been filed, the trustee, as representative of the bankruptcy estate, is the only party with standing to prosecute causes of action belonging to the estate.  *Kane, supra* (citations omitted).  In fact, "[o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned by the trustee to the debtor . . ." or exempted.  *Id*. (internal quotation marks and citation omitted).

In this case, Wright's cause of action against Sears arose in 2008 – before she filed for bankruptcy.  In addition, Wright filed the instant suit during the pendency of her bankruptcy proceedings.  Despite Wright's exclusion of this cause of action from her schedule of assets, it remains part of the bankruptcy estate.  *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.").  As there are no allegations that the trustee has abandoned the instant cause of action to Wright,[8] or that the cause of action is otherwise exempted, the trustee is the sole party with the right to file the instant suit to recover Wright's damages stemming from the alleged pre-petition discriminatory treatment inflicted by Sears.  *See Wieburg, supra; Kane, supra; Cargo, supra*.

---

[8]  Plaintiff so concedes in her brief.  (Pl. Opp. Memo., pg. 12).

### 2)      The Remedy is Conditional Dismissal

Rule 17(b) provides that

> [t]he court may not dismiss an action for failure to prosecute in the name of the
> real party in interest until, after an objection, a reasonable time has been allowed
> for the real party in interest to ratify, join, or be substituted into the action.  After
> ratification, joinder, or substitution, the action proceeds as if it had been originally
> commenced by the real party in interest.

Fed.R.Civ.P. 17(b); *see also Wieburg, supra*.

Wright raised her lack of standing in her opposition memorandum filed on September 23, 2010.  To date, the trustee has not sought to substitute into this action.  Accordingly, the undersigned will recommend dismissal of Wright's claims against Sears, without prejudice,[9] unless the trustee substitutes as plaintiff herein, or otherwise remedies Wright's lack of standing, within the deadline to file objections to this report and recommendation, i.e., within the next 14 days.

Until the standing deficiency is resolved, the judicial estoppel defense remains premature.  While *Kane* suggests that substitution by the trustee will absolve Wright's sin of omission, the Fifth Circuit recently limited *Kane's* scope, stating, among other things, that a substituted trustee "succeeds to the debtor's claim with all its attributes, including the potential for judicial estoppel."  *Reed v. City of Arlington*, ____ F.3d ____, 2010 WL 3585375 (5th Cir. Sept. 16, 2010).

## V.      Lenore Williams

On April 27, 2006, "Lanore" Williams filed a voluntary petition for Chapter 13 bankruptcy.  (Pl. Opp. Memo., Exh. B [doc. # 39-5]).  She attached to her petition a Schedule B -

---

[9]  Albeit, dismissal at this stage is probably effectively "with prejudice," because a re-filed suit will be time-barred.

Personal Property wherein she marked "none" in response to the requirement to identify  "[o]ther

contingent and unliquidated claims of every nature . . .."  *Id.*  On November 13, 2006, the

bankruptcy court confirmed Williams' Chapter 13 Plan.  *In Re Lanore Williams*, Bankruptcy

Petition No. 06-30521 (Bankr. W.D. La.  Nov. 13, 2006).  On May 7, 2008, the bankruptcy court

issued an order notifying Williams that the court was considering dismissal of her case or

conversion to Chapter 7 because she was five months in arrears on her payment plan.  *Id.*, [doc. #

35] in Bankruptcy Petition No. 06-30521.  Williams subsequently brought her payments up to

date.  (June 18, 2008, Order, Bankruptcy Petition No. 06-30521 [doc. # 37]).  The next year,

however, when Williams again fell behind in her payments, the court dismissed her chapter 13

bankruptcy.  (Dec. 10, 2009, Order, Bankruptcy Petition No. 06-30521 [doc. # 43]).  The case

was closed on April 23, 2010.  *Id.*, [doc. # 46].  Williams was aware of her cause of action by

April 2008.  *See* Williams Deposition, pgs. 24-27; Pl. Opp. Memo., Exh. B [doc. # 39-9].

    **1)**    **Williams Enjoys Standing**

In contrast to her co-plaintiff, Williams does not challenge her standing to prosecute this

action on her own behalf.  Unlike Chapter 7, in a Chapter 13 bankruptcy proceeding, "the debtor

. . . remain[s] in possession of all property of the estate," except as otherwise provided by court

order.  *See Cargo, supra* (citing 11 U.S.C. § 1306).  Accordingly, Williams is a proper party

plaintiff.

    **2)**    **Williams Satisfies the First and Second Requirements of Judicial Estoppel**

Williams' actions/inaction easily satisfies the first two requirements for judicial estoppel.

Judicial estoppel's "inconsistent positions" prong is satisfied when, as here, a debtor omits a

claim from her bankruptcy schedules, but then asserts that claim in a separate action.  *Browning*,

179 F.3d at 210. Moreover, although Williams' bankruptcy case is now closed, her cause of action arose while the case was still pending. Because Williams failed to disclose her potential claim against Sears to the bankruptcy court before filing the instant suit, judicial estoppel's first and second prongs are satisfied. *Henry, supra*.

### 3) Williams Does Not Meet Judicial Estoppel's Third Prong

To establish that a failure to disclose was inadvertent under the third prong of the judicial estoppel test, a party may demonstrate either that she did not know of the inconsistent position or that she had no motive to conceal it from the court. *Browning*, 179 F.3d at 210. Thus, as the party invoking judicial estoppel via summary judgment, Sears must establish that Williams was aware of her undisclosed cause of action *and* that she had a motive to conceal it from the court. *But see Henry, supra* (court found that judicial estoppel's inadvertence prong was satisfied based solely upon debtor's awareness of the cause of action).

"[T]he controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions." *Jethroe, supra*. Moreover, "[a claimant's] lack of awareness of [a] statutory disclosure duty for its [legal claims] is not relevant." *Id*. (citation omitted). Also, the court may find that a debtor had a financial incentive to conceal potential claims from creditors when the bankruptcy court discharged some of her debt or imposed a payment plan that did not contemplate the non-disclosed assets. *See Jethroe, supra*.

While Williams cannot argue in good faith that she was unaware of her cause of action against Sears during the pendency of her bankruptcy administration, she convincingly argues that she had no motive to conceal the cause of action because the bankruptcy court ultimately dismissed her petition for her failure to keep up the payments. If Williams could not meet the

12

payments based upon her disclosed assets, she certainly could not have done so had the bankruptcy court increased her payment obligation based upon her, as yet, unrealized cause of action.

Furthermore, the result of the bankruptcy dismissal was that the effects of the bankruptcy petition were negated, and the rights of the creditors against Williams were reinstated.  *In re Keener*, 268 B.R. 912 (Bkrtcy. N.D. Tex. 2001) (citations omitted).  Sears cannot argue that Williams tried to obtain some surreptitious advantage by orchestrating the dismissal of her petition, because she enjoyed the qualified[10] right to request the dismissal of her Chapter 13 petition.  11 U.S.C. § 1307(b).

Accordingly, Sears has not demonstrated that Williams' failure to disclose the instant cause of action to the bankruptcy court was other than inadvertent.  Thus, judicial estoppel is inapplicable and unnecessary.

<u>**Conclusion**</u>

For the above assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 30] filed by defendant Sears, Roebuck, and Co. be **GRANTED IN PART**, and that plaintiff, Sharondal Wright's claims against Sears be **DISMISSED, without prejudice**, unless the trustee substitutes as plaintiff herein, or otherwise remedies Wright's lack of standing, within the deadline to file objections to this report and recommendation

**IT IS FURTHER RECOMMENDED** that Sears' motion to dismiss, construed as a motion for summary judgment [doc. # 30], otherwise be **DENIED**.

---

[10]  *See In re Jacobsen*, 609 F.3d 647 (5th Cir. 2010).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of October 2010.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE