UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SHARONDAL WRIGHT, ET AL. | CIVIL ACTION NO. 09-1498 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| SEARS ROEBUCK & CO., ET AL. | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

**I. Motion to Dismiss the Claims of Lenore Williams**

As to the Motion to Dismiss [Record Document 30], insofar as it requests dismissal of the claims by Lenore Williams against Defendant, Sears, Roebuck & Co. ("Sears"), for the reasons contained in the Report and Recommendations of Magistrate Judge Hayes [Record Document 60],

**IT IS ORDERED** that the Report and Recommendations of Magistrate Judge Hayes [Record Document 60], insofar as the recommendation is to deny the Motion to Dismiss [Record Document 30] the claims by Lenore Williams, be and are hereby **ADOPTED**.

Accordingly, **IT IS ORDERED** that the Motion to Dismiss [Record Document 30] filed by Defendant, Sears, be and is hereby **DENIED**.

**II. Motion to Dismiss the Claims by Sharondal Wright**

Further, as to the Motion to Dismiss [Record Document 30], insofar as it requests dismissal of the claims by Sharondal Wright against Defendant, Sears, for the reasons contained in the Report and Recommendations of Magistrate Judge Hayes [Record

Document 60],

**IT IS ORDERED** that the Report and Recommendations of Magistrate Judge Hayes [Record Document 60], insofar as the recommendation is to conditionally grant the Motion to Dismiss [Record Document 30] the claims by Sharondal Wright because Sharondal Wright lacks standing to prosecute the claim, be and are hereby **ADOPTED**.

However, considering that John Clifton Conine, Trustee of the Chapter 7 Bankruptcy Estate of Sharondal Wright, has been substituted as Plaintiff [Record Document 66], the Court finds that the condition preventing dismissal of the claims of Sharondal Wright has been satisfied.

With the Trustee's substitution, consideration of the judicial estoppel defense is no longer premature. [See Record Document 60, p.10]. However, Sears has not demonstrated that the failure to disclose was not inadvertent, and that judicial estoppel is appropriate here. As in Kane v. National Union Fire Insurance Co., 535 F.3d 380 (5th Cir. 2008), the only way Wright's "creditors would be harmed is if judicial estoppel were applied to bar the Trustee from pursuing the claim against Defendants on behalf of the estate." Id. at 387; see also Reed v. City of Arlington, 620 F.3d 477, 482 (5th Cir. 2010) (calling Kane a "simple" case). In this case, equity favors the Trustee.

Accordingly, **IT IS ORDERED** that the Motion to Dismiss [Record Document 30] filed by Defendant, Sears, be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, March 10, 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE